### REMICK *v.* O'KYLE *& al.*

In an action on a promissory note payable at a particular time and place, it is unnecessary to aver or prove a presentment at such time and place, but if the defendant was ready to pay according to the terms of the note, that is matter of defence.

And when such averment is made, if it may be stricken out and leave a sufficient declaration, the plaintiff may still recover without offering proof in support of it.

*Assumpsit* on a promissory note for $67 26, payable at the maker's house, on a particular day. There was an averment in the writ of a presentment according to the terms of the note, but no evidence was offered in support of it, and *Parris J.* ruled that none was necessary. Whereupon the defendant was defaulted, with leave to have the default taken off, if in the opinion of the whole Court, proof of presentment was necessary.

*Kent,* for the defendants, insisted that inasmuch as the plaintiff had averred a presentment at the time and place named in the note, he was bound to prove it, and cited *Yelv.* 195 ; *Sir Francis Leakes' case, Dyer* 365 ; 2 *Saund.* 206 ; *Bristow* v. *Wright,* 1 *Doug.* 665 ; *Savage* v. *Smith,* 2 *Blk. R.* 1101.

*W. P. Fessenden,* for the plaintiff, cited *Carley* v. *Vance,* 17 *Mass.* 389 ; 1 *Chit. Pl.* 306 ; 2 *East,* 452 ; *ib.* 502 ; 4 *East,*

400 ; 3 *Cranch*, 208 ; *Tucker* v. *Randall*, 2 *Mass.* 283 ; *Stevens* v. *Bigelow*, 12 *Mass.* 436 ; 3 *Stark. Ev.* 1540.

WESTON C. J. — In the case of *Bacon* v. *Dyer*, argued and determined in the county of *Cumberland, ante* 19, it was decided by this Court, that where a note is made payable at a certain time and place, no averment or proof of a demand at the time and place appointed need be made, in an action brought thereon by the holder ; but that if the maker had the money ready, and no demand was made, it should be made to appear by way of defence. We refer to that case for the reasons and authorities, upon which the decision was founded.

Another question raised is, whether, although such averment be unnecessary, yet being made, it ought not to be proved. It is a point in this case of very little importance ; for under leave to amend, which would not be refused, the unnecessary averment might be stricken from the declaration. We have however looked into the cases cited, and are satisfied that where, as in this case, the whole averment may be stricken out, and still leave the declaration sufficient to entitle the plaintiff to recover, such averment need not be proved.

*Judgment for plaintiff.*